**J.C. LAMBERT, Appellant,**

v.

**UNIVERSITY OF ARKANSAS, Board of Trustees, Appellee.**

No. 05–1335.

United States Court of Appeals, Eighth Circuit.

Submitted: Dec. 28, 2005.

Decided: Jan. 11, 2006.

J. C. Lambert, Nashville, AR, pro se.

Jeffrey A. Bell, University of Arkansas Office of General Counsel, Little Rock, AR, for Appellee.

Before BYE, MCMILLIAN, and RILEY, Circuit Judges.

PER CURIAM.

J.C. Lambert appeals the district court's[1] adverse grant of summary judgment in his Title VII action against the University of Arkansas, Board of Trustees (Board). His claims arose from the non-renewal of his employment contract as a fire-training coordinator. Having carefully reviewed the record, *see Shanklin v. Fitzgerald,* 397 F.3d 596, 602 (8th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 807, —— L.Ed.2d —— (de novo standard of review), we affirm.

Even assuming Lambert established a prima facie case of race discrimination, *see Cherry v. Ritenour Sch. Dist.,* 361 F.3d 474, 478 (8th Cir.2004) (elements), we conclude he did not create any trialworthy issues on whether the legitimate, nondiscriminatory reason for not renewing his contract was pretextual. Lambert failed to produce admissible evidence sufficient to rebut the Board's evidence. *See Sallis v. Univ. of Minn.,* 408 F.3d 470, 474 (8th Cir.2005) (nonmoving party must produce admissible evidence demonstrating genuine issue of material fact remains). Further, Lambert admits his opinion that complaints about his performance were racially motivated or based in discrimination lack factual support. *See Marquez v. Bridgestone/Firestone, Inc.,* 353 F.3d 1037, 1038 (8th Cir.2004) (per curiam) (to survive summary judgment, nonmoving party must substantiate allegations with more than conjecture or speculation).

Accordingly, we affirm. *See* 8th Cir. R. 47B.

---

1. The Honorable Harry F. Barnes, United States District Judge for the Western District of Arkansas.